J-A09024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT L. ROTH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANNE M. ROTH | : | |
| | : | |
| Appellant | : | No. 2907 EDA 2018 |

Appeal from the Order Entered August 20, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2014-25752

BEFORE:  KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 15, 2019**

Anne M. Roth (Wife) appeals *pro se* in this divorce action.  Upon review, we are constrained to quash.

On September 25, 2017, Wife and Robert L. Roth (Husband) appeared before an equitable distribution master, who issued a report and recommendation on October 10, 2017.  Wife filed exceptions and the trial court scheduled the matter for a *de novo* hearing on March 23, 2018.  The trial court issued an order of equitable distribution on May 15, 2018 and a decree in divorce on August 20, 2018.  Wife filed this appeal.

Wife's statement of question involved reads:

"Equitable Distribution was not fair."

Wife's Brief at 2 (unnumbered).

_____

* Retired Senior Judge assigned to the Superior Court.

Within the five pages of her appellate brief, Wife assails the trial court's order of equitable distribution, asserting that there was a "breakdown of the judicial system" and "gross irregularity of procedure," claiming that "exhibits from the pre-trial statement were not considered," and alleging that the trial court "ignored information on proven economic misconduct, abandonment, [and] emotional and physical abuse." *See* Wife's Brief at 1-5. Wife also states that Husband did not contribute to "upkeep of the marital home," did not make payments on a student loan, was in contempt of financial orders, and "initiated PAS[1] to our younger son . . . which has resulted in an estrangement of my son and grandson. " *Id.*

Preliminarily, and with regard to equitable distribution of marital property, we recognize:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an "abuse of discretion" unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

---

[1] Although Wife does not define PAS, the logical association is Parental Alienation Syndrome.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence.

*Morgante v. Morgante*, 119 A.3d 382, 386-87 (Pa. Super. 2015) (citations omitted).

Instantly, our review of the trial court's determinations is impeded. Rather than develop a coherent legal argument, it appears that Wife is attempting to re-litigate equitable distribution with reference to unsupported and legally irrelevant facts, and no citation to case law. In addition to lacking a legal argument, Wife's brief is materially noncompliant with Pennsylvania Rules of Appellate Procedure 2101 *et seq*. (prescribing the sections and content of appellate briefs).

It is well-settled that appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash an appeal if the defects in the brief are substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2119(a) instructs that an appellant's "argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent." "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present

specific issues for review, a court will not consider the merits thereof."
***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982).

Although we are willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit, and *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

In sum, we are unable to discern a meaningful legal argument in Wife's brief from which to conduct appellate review. Accordingly, we quash the appeal.

Appeal quashed. Case stricken from the argument list. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19